

FILED
CLERK, U.S. DISTRICT COURT

APR 2 9 2019

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CLARK MATERIAL HANDLING COMPANY, etc., <br><br> Plaintiff, <br><br> vs. <br><br> ZOOMLION HEAVY INDUSTRY SCIENCE & TECHNOLOGY CO., LTD., etc., et al. <br><br> Defendants. | Case No. 2:18-cv-05853-CBM-(E) <br><br> Hon. Charles F. Eick <br><br> [~~PROPOSED~~] <br> STIPULATED PROTECTIVE ORDER |

AND RELATED COUNTERCLAIMS.

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties have stipulated to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

1   only to the limited information or items that are entitled to confidential treatment
2   under applicable legal principles.  The parties further acknowledge, as set forth in
3   Section 12.3, below, that this Stipulated Protective Order does not entitle them to
4   file confidential information under seal.  Civil Local Rule 79-5 sets forth the
5   procedures that must be followed and the standards that will be applied when a
6   party seeks permission from the Court to file material under seal.
7
8              B.    GOOD CAUSE STATEMENT
9        The pleadings in this litigation raise the issues of (i) whether the Defendants
10  have infringed upon the Plaintiff's rights in a trademark registered in the U.S.
11  Patent and Trademark Office ("PTO") or otherwise competed unfairly with
12  Plaintiff, (ii) whether the Plaintiff is entitled to recover the Defendants' alleged
13  profits and/or Plaintiff's alleged losses suffered as a consequence of the
14  Defendants' alleged actions, (iii) whether the Defendants have valid defenses to the
15  Plaintiff's claims, (iv) whether the Plaintiff's alleged trademark registration is
16  subject to cancellation, (v) whether the Plaintiff has engaged in false advertising or
17  otherwise unfairly competed with Defendant Zoomlion Anhui Industrial Vehicle
18  Co., Ltd. ("Z Anhui"), (vi) whether Z Anhui is entitled to recover the Plaintiff's
19  profits and/or its (Z Anhui's) alleged losses suffered as a consequence of the
20  Plaintiff's alleged actions.
21       Resolution of these issues will more likely than not require the production
22  and analysis of customer and pricing information and other valuable research,
23  development, commercial, financial and/or proprietary information for which
24  special protection from public disclosure and from use for any purpose other than
25  prosecution of this action is warranted.  Such confidential and proprietary materials
26  and information will likely consist of, among other things, information regarding
27  confidential business practices, pricing and sales information, vendor and
28  manufacturer information, the identification of customers, sales transactions and

1  business relationships with third parties, information regarding information

2  implicating the privacy rights of third parties, and other information otherwise

3  generally unavailable to the public, or which may be privileged or otherwise

4  protected from disclosure under state or federal statutes, court rules, case decisions,

5  or common law.

6       Accordingly, to accommodate the strong presumption of access in civil

7  cases, to expedite the flow of information, to facilitate the prompt resolution of

8  disputes over the confidentiality of discovery materials, to adequately protect

9  information the parties are entitled to keep confidential, to ensure that the parties

10  are permitted reasonably necessary use of such material in preparation for and in

11  the conduct of trial, to address the handling of such material at the end of the

12  litigation and to serve the ends of justice, a protective order for such information is

13  justified in this matter.  It is the intent of the parties that information will not be

14  designated as confidential for tactical reasons and that nothing will be so designated

15  without a good faith belief that it has been maintained in a confidential, non-public

16  manner, and that there is good cause why it should not be part of the public record

17  of this case.

18

19       C.    ACKNOWLEDGEMENT OF PROCEDURE FOR FILING

20            UNDER SEAL

21       The parties acknowledge that there is a strong presumption that the public

22  has a right of access to judicial proceedings and records in civil cases.  In

23  connection with non-dispositive motions, good cause must be shown to support a

24  filing under seal.  *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172,

25  1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th

26  Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis.

27  1999) (even stipulated protective orders require good cause showing).  A specific

28  showing of good cause or compelling reasons with proper evidentiary support and

legal justification must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

If a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1.   <u>Action</u>: this pending federal law suit.

2.2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   CONFIDENTIAL Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that a Producing Party uses in, or pertaining to, its business, which information qualifies for protection under the Good Cause Statement, above.

2.4.   CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that (i) constitutes, reflects or discloses a "trade secret" as that term is defined in California Civil Code section 3426.1, (ii) other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide an improper business or commercial advantage to others, (iii) is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iv) constitutes extremely sensitive information the disclosure of which to another Party or Non-Party would create a substantial risk of serious injury to the Producing Party.

Documents and information in one or more of the following categories shall qualify for designation under subsection (iv), above: (1) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of technology relevant to the Action; (2) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (3) non-public financial information; (4) customer lists; (5) business and/or marketing plans; (6) price lists and/or pricing information; (7) license agreements; and (8) information obtained from a Non-Party pursuant to a current Non-Disclosure Agreement ("NDA")

2.5.   <u>Counsel</u>:  Outside Counsel of Record and House Counsel, including their support staff.

2.6.   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. "House Counsel" does not include Outside Counsel of Record or any other Outside Counsel.

2.10. <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.11. <u>Outside Counsel</u>: attorneys, including support staff, who are not employees of a Party to this Action or an affiliate of a Party but are retained to represent or advise a Party in connection with the prosecution or defense of its claims or defenses.

2.12  <u>Outside Counsel of Record</u>:  attorneys, including support staff, who are not employees of a Party to this Action or an affiliate of a Party but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13. <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, its Counsel (and their support staffs).

1        2.14.  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

2  Discovery Material in this Action.

3        2.15.  <u>Professional Vendors</u>:  persons or entities that provide litigation

4  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

5  demonstrations, and organizing, storing, or retrieving data in any form or medium)

6  and their employees and subcontractors.

7        2.16.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is

8  designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY.

10       2.17.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

11  Material from a Producing Party.

12

13     3.    <u>SCOPE</u>

14       The protections conferred by this Stipulated Protective Order cover not only

15  Protected Material (as defined above), but also (1) any information copied or

16  extracted from Protected Material; (2) all copies, excerpts, summaries, or

17  compilations of Protected Material; and (3) any testimony, conversations, or

18  presentations by Parties or their Counsel that might reveal Protected Material.

19  However, the protections conferred by this Order do not cover the following

20  information: (a) any information that is in the public domain at the time of

21  disclosure to a Receiving Party or becomes part of the public domain after its

22  disclosure to a Receiving Party as a result of publication not involving a violation

23  of this Order, including becoming part of the public record through trial or

24  otherwise; (b) any information known to the Receiving Party prior to the disclosure

25  or obtained by the Receiving Party after the disclosure from a source who obtained

26  the information lawfully and under no obligation of confidentiality to the

27  Designating Party; or (c) the use of Protected Material at pretrial hearings or trial.

28

1    Any limitations on the use of Protected Material at trial shall be governed by

2  the orders of the trial judge.  This Order does not govern use of Protected Material

3  at trial.

4

5    4.    DURATION

6    4.1    In the event this Action proceeds to trial, information that was

7  designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES

8  ONLY that is used or introduced as an exhibit at trial becomes public and will be

9  presumptively available to all members of the public, including the press, unless

10  compelling reasons supported by specific factual findings to proceed otherwise are

11  made to the trial judge in advance of the trial.  *See Kamakana,* 447 F.3d at 1180-81

12  (distinguishing "good cause" showing for sealing documents produced in discovery

13  from "compelling reasons" standard when merits-related documents are part of

14  court record).  Accordingly, for information or documents used at trial, the terms of

15  this Order do not extend beyond the commencement of the trial.

16    4.2    For, information that was designated as CONFIDENTIAL or

17  CONFIDENTIAL – ATTORNEYS' EYES ONLY that is not used or introduced as

18  an exhibit at trial, the confidentiality obligations imposed by this Order shall remain

19  in effect after final disposition of this litigation, until a Designating Party agrees

20  otherwise in writing or a court order otherwise directs.  Final disposition shall be

21  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

22  with or without prejudice; and (2) final judgment herein after the completion and

23  exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action,

24  including the time limits for filing any motions or applications for extension of time

25  pursuant to applicable law.

26

27

28

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on another Party) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before, or at, the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend

1    CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY[1], as

2    the case may be (both from this point forward a "CONFIDENTIALITY

3    Legend") to each page that contains protected material.  If only a portion or

4    portions of the material on a page qualifies for protection, the Producing

5    Party also must clearly identify the protected portion(s) (e.g., by making

6    appropriate markings in the margins).

7         A Party or Non-Party that makes original documents available for

8    inspection need not designate them for protection until after the inspecting

9    Party has indicated which documents it would like copied and produced.

10   During the inspection and before the designation, all of the material made

11   available for inspection shall be deemed CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY.  After the inspecting Party has identified the documents it

13   wants copied and produced, the Producing Party must determine which

14   documents, or portions thereof, qualify for protection under this Order.

15   Then, before producing the specified documents, the Producing Party must

16   affix the appropriate CONFIDENTIALITY Legend to each page that

17   contains Protected Material.  If only a portion or portions of the material on a

18   page qualifies for protection, the Producing Party also must clearly identify

19   the protected portion(s) (e.g., by making appropriate markings in the

20   margins).

21        (b)  for testimony given in deposition that the Designating Party

22   identify on the record, prior to the termination of the deposition, all protected

23   testimony.  When it is impractical to identify separately each portion of

24   deposition testimony that is entitled to protection and it appears that

25   substantial portions of the testimony may qualify for protection, the

26   Designating Party may, prior to the termination of the deposition, state on the

27   _____

28   [1]    Similar designations (e.g., HIGHLY CONFIDENTIAL – COUNSELS'
     EYES ONLY) shall have the same force and effect as the CONFIDENTIAL –
     ATTORNEYS' EYES ONLY designation.

1  record that it will provide its designations, if any, in writing within 21 days

2  following the termination of the deposition, in which case the Parties shall

3  treat the entirety of the deposition testimony as though it were designated

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY.  In the event the

5  Designating Party fails to notify the other Parties of its designations in

6  writing within the 21-day period, the deposition shall be treated in

7  accordance with the designations of other Designating Parties, if any.

8        (c) for information produced in other than documentary form,

9  including tangible items, that the Producing Party affix in a prominent place

10  on the exterior of the container or containers in which the information is

11  stored the CONFIDENTIALITY Legend.  If only a portion or portions of the

12  information warrants protection, the Producing Party, to the extent

13  practicable, shall identify the protected portion(s).

14     5.3.   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent

15  failure to designate qualified information or items does not, standing alone, waive

16  the Designating Party's right to secure protection under this Order for such

17  material.  Upon timely correction of a designation, the Receiving Party must make

18  reasonable efforts to assure that the material is treated in accordance with the

19  provisions of this Order.

20     5.4.   <u>Use of Exhibits/Deposition Pages with Protected Material to Be</u>

21  <u>Separately Bound.</u>  Transcripts containing Designated Material shall bear a

22  statement on the cover page noting that the transcript contains Protected Material

23  and the pages containing Protected Material shall be bound separately from the

24  remaining portion of the deposition transcript.  The Parties are jointly responsible

25  for informing the court reporter of this requirement.  The use of a document as an

26  exhibit at a deposition shall not affect its designation.

27

28     6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

1      6.1   Timing of Challenges.   Any Party or Non-Party may challenge a
2 designation of confidentiality at any time that is consistent with the Court's
3 Scheduling Order.

4      6.2.   Meet and Confer and Judicial Intervention.   The Challenging Party
5 shall initiate the dispute resolution process under Local Rule 37.1 et seq.   The
6 burden of persuasion in any such challenge proceeding shall be on the Designating
7 Party.   Frivolous challenges, and those made for an improper purpose (e.g., to
8 harass or impose unnecessary expenses and burdens on other parties) may expose
9 the Challenging Party to sanctions.   Unless the Designating Party has waived or
10 withdrawn the challenged confidentiality designation, all Parties shall continue to
11 treat the material in question in accordance with the Producing Party's designation
12 until the Court rules on the challenge.

13      6.3.   No Obligation to Challenge.   Unless a prompt challenge to a
14 Designating Party's confidentiality designation is necessary to avoid foreseeable,
15 substantial unfairness, unnecessary economic burdens, or a significant disruption or
16 delay of the litigation, a Party does not waive its right to challenge a confidentiality
17 designation by electing not to mount a challenge to a designation at the time the
18 designation is made and the failure to do so shall not preclude a subsequent
19 challenge to the propriety of any such designation.

20

21      7.     ACCESS TO AND USE OF PROTECTED MATERIAL

22      7.1.   Basic Principles.   A Receiving Party may use Protected Material that
23 is disclosed or produced by another Party or by a Non-Party in connection with this
24 Action only for prosecuting, defending, or attempting to settle this Action.   Such
25 Protected Material may be disclosed only to the categories of persons and under the
26 conditions described in this Order.   When the Action has been terminated, a
27 Receiving Party must comply with the provisions of Section 13, below (FINAL
28 DISPOSITION) .

1  Protected Material must be stored and maintained by a Receiving Party at a

2  location and in a secure manner that ensures that access is limited to the persons

3  authorized under this Order.

4      7.2.   Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY

5  Information or Items. Unless otherwise ordered by the Court or permitted in

6  writing or on the record by the Designating Party, a Receiving Party may disclose

7  any information or item designated CONFIDENTIAL – ATTORNEYS' EYES

8  ONLY only to:

9      (a)  the Court and its personnel;

10      (b)  court reporters and their staff;

11      (c)  the Receiving Party's Outside Counsel of Record and, if

12  applicable, any Outside Counsel in this Action, as well as their employees to

13  whom it is reasonably necessary to disclose the information in connection

14  with the prosecution or defense of this Action;

15      (d)  Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" attached as Exhibit A (the

18  "Acknowledgement");

19      (e)  professional jury or trial consultants, mock jurors, and

20  Professional Vendors to whom disclosure is reasonably necessary for this

21  Action and who have signed the Acknowledgment;

22      (f)  the author or recipient of a document containing the information or

23  a custodian or other person who otherwise possessed or knew the

24  information;

25      (g)  during their depositions, witnesses, and attorneys for witnesses, in

26  the Action to whom disclosure is reasonably necessary provided (1) the

27  deposing party requests that the witness sign the Acknowledgement, and (2)

28  they will not be permitted to keep any confidential information unless they

1   sign the Acknowledgment, unless otherwise agreed by the Designating Party

2   or ordered by the court. Pages of transcribed testimony or exhibits to

3   depositions that reveal Protected Material may be separately bound by the

4   court reporter and may not be disclosed to anyone except as permitted under

5   this Stipulated Protective Order; and

6         (h) any mediator or settlement officer, and their supporting personnel,

7   mutually agreed upon by any of the Parties engaged in settlement

8   discussions.

9       7.3   Disclosure of CONFIDENTIAL Information or Items. Unless

10  otherwise ordered by the Court or permitted in writing or on the record by the

11  Designating Party, a Receiving Party may disclose any information or item

12  designated CONFIDENTIAL only to:

13        (a) those persons and classes of persons described in Sections 7.2(a)

14  through (h), above; and

15        (b) no more than three officers, directors and employees (including

16  House Counsel) of the Receiving Party to whom it is reasonably necessary to

17  disclose the information in connection with the prosecution or defense of this

18  Action.

19

20  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED

21          PRODUCED IN OTHER LITIGATION

22  If a Party is served with a subpoena or a court order issued in other litigation

23  that compels disclosure of any information or items designated in this Action as

24  Protected Material, that Party must, unless lawfully prohibited from doing so:

25      (a) promptly notify in writing the Designating Party which notice shall

26  include a copy of the subpoena or court order;

27      (b) promptly notify in writing the party who caused the subpoena or order to

28  issue in the other litigation that some or all of the material covered by the subpoena

1 or order is subject to this Stipulated Protective Order, which notice shall include a
2 copy of this Stipulated Protective Order; and

3     (c)  cooperate with respect to all reasonable procedures sought to be pursued
4 by the Designating Party whose Protected Material may be affected.

5     If the Designating Party timely seeks a protective order, the Party served
6 with the subpoena or court order shall not produce any Protected Material before a
7 determination by the court from which the subpoena or order issued, unless the
8 Party has obtained the Designating Party's permission.  The Designating Party shall
9 bear the burden and expense of seeking protection in that court of its confidential
10 material.

11     Nothing in this Order should be construed as authorizing or encouraging a
12 Receiving Party in this Action to disobey a lawful directive from another court.

13

14     9.    NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
15         PRODUCED IN THIS LITIGATION

16     The terms of this Stipulated Protective Order are applicable to information
17 produced by a Non-Party in this Action and designated as Protected Material.  Such
18 information produced by Non-Parties in connection with this litigation is protected
19 by the remedies and relief provided by this Order and nothing in these provisions
20 should be construed as prohibiting a Non-Party from seeking additional protections.

21     In the event a Party is required, by a valid discovery request, to produce a
22 Non-Party's confidential information in its possession, and the Party is subject to an
23 agreement with the Non-Party not to produce the Non-Party's confidential
24 information, then the Party shall:

25     (a)  promptly notify in writing the Requesting Party and the Non-Party that
26 some or all of the information requested is subject to a confidentiality agreement
27 with a Non-Party;

28

1      (b)  promptly provide the Non-Party with a copy of this Stipulated Protective

2  Order, the relevant discovery request(s), and a reasonably specific description of

3  the information requested; and

4      (c)  make the information requested available for inspection by the Non-

5  Party, if requested.

6      If the Non-Party fails to seek a protective order from this court within 14

7  days of receiving the notice and accompanying information, the Receiving Party

8  may produce the Non-Party's confidential information responsive to the discovery

9  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

10  not produce any information in its possession, custody or control that is subject to

11  the confidentiality agreement with the Non-Party before a determination by the

12  Court. Absent a court order to the contrary, the Non-Party shall bear the burden

13  and expense of seeking protection in this court for its Protected Material.

14

15      10.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

16      If a Receiving Party learns that, by inadvertence or otherwise, it has

17  disclosed Protected Material to any person or in any circumstance not authorized

18  under this Stipulated Protective Order, the Receiving Party shall immediately (a)

19  notify in  writing the Designating Party of the unauthorized disclosure(s), (b) use its

20  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

21  the person or  persons to whom unauthorized disclosures were made of all the terms

22  of this Order, and (d) use reasonable efforts to have such person or persons execute

23  the Acknowledgment.

24

25      11.    INADVERTENT PRODUCTION OF PRIVILEGED OR

26           OTHERWISE PROTECTED MATERIAL

27      If a Producing Party at any time notifies a Receiving Party that it

28  inadvertently produced documents, testimony, information, and/or things that are

subject to a claim of privilege or other protection, or the Receiving Party discovers such inadvertent production, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Stipulated Protective Order by means of a separate order submitted to the Court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

1    13.    <u>FINAL DISPOSITION</u>

2          After the final disposition of this Action, as defined in Section 4.2, above,

3    within sixty (60) days following a written request by the Designating Party, each

4    Receiving Party shall, at its option, return all Protected Material to the Producing

5    Party or destroy it.  As used in this section, "all Protected Material" includes all

6    copies, abstracts, compilations, summaries or any other form of reproducing or

7    capturing any Protected Material.  Whether the Protected Material is returned or

8    destroyed, the Receiving Party shall submit a written certification to the Producing

9    Party (and, if not the same person or entity, to the Designating Party) by the 60-day

10   deadline stating that all Protected Material was returned or destroyed, as the case

11   may be.

12         Notwithstanding anything else in this Protective Order, Counsel are entitled

13   to retain an archival copy of all pleadings, motion papers, trial, deposition and

14   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

15   expert reports, attorney work product, and consultant and expert work product,

16   even if such materials contain Protected Material.  Any such archival copies that

17   contain or constitute Protected Material shall remain subject to this Protective

18   Order as set forth in Section 4, above.

19

20   14.    <u>ATTORNEY ADVICE</u>

21         Nothing in this Protective Order bars or otherwise restricts an attorney from

22   rendering advice to his or her client with respect to this Action or from relying upon

23   or generally referring to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

24   EYES ONLY Disclosure or Discovery Material in rendering such advice; provided

25   however, that in rendering such advice or in otherwise communicating with his or

26   her client, the attorney shall not reveal or disclose the specific content thereof if

27   such disclosure is not otherwise permitted under this Order.

28

15.   PARTY'S OWN INFORMATION

The restrictions on the use of Protected Material established by this Order are applicable only to Protected Material received by a Party from another Party or from a Non-Party.  A Party is free to do whatever it desires with its own Protected Material.

**16.   VIOLATION OF ORDER**

**Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

Dated: _4/29/19_

U.S. Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was entered by the United States District Court for the Central District of California on April __, 2019 in the case of *Clark Material Handling Company, etc. v. Zoomlion Heavy Industry Science and Technology, etc., et al.,* Case No. 2:18-cv-05853-CBM-(E) (the "Action"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that my failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the terms of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of the Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Order.

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

Dated: _____